823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. HOOPER; Deer Park Medical Group, P.A., a Maryland
professional corporation, Plaintiff-Appellant,
v.
Stephen H. Sachs; Dale P. Kelberman, Henry Aaron Rose;
Andrew Tartaglino, Defendant-Appellee,
State of Maryland; John Stoppleman; Cheryl Winchell;
Jeffrey Rosen; Stoppleman and Rosen, Defendant.
 No. 86-1623.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1987.
Decided July 2, 1987.
 
 Allen Huberth Sachsel, for appellants.
 Andrew Howard Baida, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, on brief) for appellees.
 Before HALL and SPROUSE, Circuit Judges, and JOSEPH F. ANDERSON, United States District Judge from the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Dr. James L. Hooper and Deer Park Medical Group appeal from the district court's grant of summary judgment in favor of Stephen H. Sachs, Dale P. Kelberman and Andrew J. Tartaglinol,[1] the defendants in Hooper's 42 U.S.C. Sec. 1983 action based on an alleged fourth amendment violation. In his complaint, Hooper alleged that the defendants violated his fourth amendment rights by using a private individual, Dr. Cheryl Winchell, to illegally search and seize his medical records. Hooper contends on appeal that the district court erred in granting summary judgment to the defendants because a genuine issue of fact was in dispute. we disagree and affirm.
 
 
 2
 Hooper is the president of the Deer Park Medical Group, a Maryland professional association. Winchell joined Deer Park as a doctor-employee in 1973 and became a shareholder in 1975 when she acquired 50 of the 150 shares of stock in the corporation. Winchell left Deer Park in 1978, however, and filed suit against Hooper and Deer Park in state court, requesting an accounting and a dissolution of Deer Park. Among other things, her complaint also alleged Medicaid fraud.
 
 
 3
 In May 1979, Winchell requested that Hooper produce documents potentially relevant to her lawsuit. When he refused, she moved to compel production and her motion was granted in September 1979. She filed a motion for additional discovery in December 1979. While this motion was pending, Winchell telephoned the Medicaid Fraud Control Unit (MFCU) of the Maryland Attorney General's office on February 21, 1980, and spoke with Tartaglino. She indicated she had information regarding Medicaid fraud occurring at Deer Park and agreed to meet with MFCU personnel on February 27, 1980. On that day, Winchell met with MFCU personnel Kelberman, Tartaglino, and Anton Keating and provided them with documents she had already obtained through previous discovery. These documents indicated that Deer Park had billed patients (and Medicaid) for visits not reflected on the patients' charts.
 
 
 4
 Between Winchell's telephone conversation with Tartaglino and her subsequent meeting with MFCU personnel, a hearing was held on her motion for additional discovery. The state court partially granted her request, ordering that she
 
 
 5
 shall have discovery of all medicaid vouchers and corresponding plaintiff [sic] charts for the period January 1, 1975 to the present; said discovery to consist of plaintiff's inspection and photocopying of those documents shee [sic] deems relevant, and this inspection and photocopying are to take place on Monday, March 10, 1980, ... and on Wednesday, March 12, 1980....
 
 
 6
 Pursuant to the state court's order, Winchell returned to Deer Park and conducted discovery on March 10 and 12.
 
 
 7
 Following Winchell's additional discovery efforts and a subsequent investigation by the MFCU, the state brought criminal charges against Hooper for Medicaid fraud. The charges ultimately were dismissed, however, because the state could not produce sufficient evidence of Hooper's guilt. Hooper and Deer Park then filed this Sec. 1983 action, alleging that Winchell was acting as a government agent when she conducted discovery on March 10 and 12, and that her actions thus constituted an unreasonable search and seizure in violation of Hooper's fourth amendment rights. After the parties completed discovery on the Sec. 1983 action, the defendants moved for summary judgment. The district court granted the motion, ruling that no genuine issue of material fact existed because Hooper had not presented sufficient evidence to establish that Winchell might have been a government agent, a necessary element for a fourth amendment violation. See United States v. Jacobsen, 466 U.S. 109, 113 (1984) (fourth amendment inapplicable to actions by private individuals).
 
 
 8
 To establish that Winchell acted as a government agent when she conducted discovery at Deer Park on March 10 and 12, 1980, Hooper had to show, inter alia, that the government encouraged her activity. See United States v. Lambert, 771 F.2d 83, 89 (6th Cir.), cert. denied, 106 S. Ct. 598 (1985); United States v. Walther, 652 F.2d 788, 791 (9th Cir. 1981). On appeal, Hooper contends that a genuine issue existed over this fact and the district court therefore erred in granting summary judgment. We disagree. The record is devoid of any direct evidence that the MFCU personnel encouraged Winchell to obtain information for them, and Hooper offered no more than speculation and conjecture to support that position. On the other hand, Winchell testified at her deposition that the MCFU personnel "made it very clear to me that my litigation and their investigation were two separate things." Moreover, Kelberman and Tartaglino submitted signed affidavits stating that they neither directed nor encouraged Winchell to obtain additional documents.[2]
 
 
 9
 In view of the above, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 When this litigation was commenced, Sachs was the Attorney General of Maryland, Kelberman was an Assistant Attorney General and Tartaglino was chief investigator for the Medicaid Control Fraud unit
 
 
 [2]
 The defendants contend that Hooper and Deer Park's claim is also barred by the statute of limitations. In light of our holding, we need not address this issue